O

<mark>CLOSED</mark>

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHERYL L. MARKRAY, an individual, ) | Case No. CV 07-08001 DDP (CTx) |
| Plaintiff, ) | **ORDER DENYING PLAINTIFF's RULE 60(B) MOTION TO BE RELIEVED FROM FINAL JUDGMENT** |
| v. ) | |
| AT&T-SBC-PACIFIC BELL DIRECTORY, also known as AT&T ADVERTISING and PUBLISHING, a corporation doing business in California, in its capacities as Plan Administrator and employer; SEDGWICK CLAIMS MANAGEMENT SERVICES, INC., a corporation doing business in California, in its capacity as Plan Administrator; PACIFIC TELESIS GROUP COMPREHENSIVE DISABILITY BENEFITS PLAN for employees of AT&T -SBC-PACIFIC BELL DIRECTORY, ) | [Motion filed on May 26, 2010] |
| Defendants. ) | |

This matter comes before the Court on Plaintiff Cheryl Markray ("Plaintiff")'s Rule 60(b) motion for relief from this Court's order granting summary judgment in favor of Defendants AT&T-SBC-

1   Pacific Bell Directory, Sedgwick Claims Management Services, Inc.,

2   and Pacific Telesis Group Comprehensive Disability Benefits Plan

3   for employees of AT&T-SBC-Pacific Bell Directory (collectively

4   "Defendants").  After reviewing the parties' submissions, the Court

5   DENIES Plaintiff's Rule 60(b) motion.

6   **I.    BACKGROUND**

7        In 2004, Plaintiff, an employee of Defendant Pacific Bell

8   Directory, was absent from work due to a chronic lung condition and

9   depression.  She applied for short-term disability ("STD") benefits

10  under the Employment Retirement Income Security Act of 1974

11  ("ERISA").  After being partially denied benefits, Plaintiff

12  appealed the ERISA Plan administrator's decision.  On appeal, the

13  Plan's Claims Review Committee ("CRC") approved benefits from March

14  12 through June 4, 2004, but denied benefits for all periods

15  thereafter.

16       Plaintiff filed suit against Defendants in this Court in

17  December 2007.  Defendants filed a motion for summary judgment

18  ("MSJ") in April 2009.  (Dkt. No. 30.)  Defendants' MSJ contended

19  that the CRC's benefits determination could be overturned only if

20  Plaintiff showed an "abuse of discretion," i.e., that the CRC's

21  decision was without any "reasonable basis" in the record to

22  support it.[1] (Defs.' Mem. P. & A. Supp. Mot. Summ. J., 1-2.)

23       Defendants argued that the CRC did not abuse its discretion

24  because the majority of the healthcare professionals had concluded

25  that Plaintiff was not disabled.  The CRC considered the opinions

26  _____

27       [1] The Plan provides "that if the CRC denies a claim appeal,
    the Plan shall have no liability to the employee, 'unless a court
28  of competent jurisdiction shall determine that the [CRC] has abused
    its discretion in deciding to deny the claim.'" (Id. at 4.)

2

1  of two independent physician specialists, both of whom concluded
2  that Plaintiff was able to perform her normal job duties. (<u>Id.</u> at
3  2, 5-10.) The CRC also considered the opinion of Plaintiff's own
4  treating physician who concluded Plaintiff was not disabled after
5  June 4, 2004. (<u>Id.</u>) While Plaintiff's social worker believed that
6  Plaintiff was disabled, she seemed to base her belief on
7  Plaintiff's self-reported claims which were not supported by any
8  physician's conclusions. (<u>Id.</u> at 7, 16.)

9      Plaintiff's counsel filed an opposition to Defendants' MSJ in
10  May 2009 requesting a continuance pursuant to Rule 56(f).[2]  The
11  Court denied Plaintiff's request.  Because the Court concluded
12  there was no genuine issue of material fact, Defendants' MSJ was
13  granted in May 2009.  In May 2010, Plaintiff filed a request to
14  substitute herself in as pro per and a Rule 60(b) motion to be
15  relieved from the May 2009 judgment.  Plaintiff stated in her
16  moving papers of May 2010 that she did not know that her attorney
17  would file nothing further if his request for a continuance in May
18  2009 was denied.  (Pl. Mot. to Be Relieved from J. Pursuant to FRCP
19  Rule 60(B), 4.)  She also stated her attorney told her sometime

20

21

_____

22      [2] Plaintiff contends that her attorney did not oppose the MSJ
23  in May 2009.  Specifically, Plaintiff contends her attorney's
    declaration was not an opposition.  However, her attorney's
24  declaration stated "I specifically request relief, pursuant to
    Federal Rules of Civil Procedure, Rule 56(f)." (Decl. of Franklin
25  Ferguson ¶ 4.)  While Plaintiff's Rule 56(f) opposition to
    Defendants' MSJ may have been substantively lacking, it was an
26  opposition nonetheless.  Moreover, even if Plaintiff had not
    opposed Defendants' MSJ, "'a motion for summary judgment cannot be
27  granted simply because there is no opposition.'"  <u>Henry v. Gill
    Indus., Inc.</u>, 983 F.2d 943, 950 (9th Cir. 1993) (quoting <u>Hibernia
28  Nat'l Bank v. Administracion Central Sociedad Anonima</u>, 776 F.2d
    1277, 1279 (5th Cir. 1985)).

1  before April 2010 that a Rule 60(b) motion would be necessary, but

2  that he neglected to file the motion on her behalf. (Id.)

3  **II.   DISCUSSION**

4        Plaintiff has not demonstrated any viable ground for relief

5  under Rule 60(b).  Attorney negligence is "more appropriately

6  addressed through malpractice claims" than under Rule 60(b)(1).

7  Latshaw v. Trainer Wortham & Co., 452 F.3d 1097, 1101 (9th Cir.

8  2006).  Rule 60(b)(6) "is used sparingly" and "only where

9  extraordinary circumstances prevented a party from taking timely

10 action."  Id. at 1103.

11       **A.   Rule 60(b)(1)**

12       Plaintiff contends she is entitled to relief under Rule

13 60(b)(1).  Rule 60(b)(1) provides that, "[o]n motion ... the court

14 may relieve a party or its legal representative from a final

15 judgment, order, or proceeding for ... mistake, inadvertence,

16 surprise, or excusable neglect."  Fed. R. Civ. P. 60(b)(1).  In

17 determining whether an attorney's negligence constitutes "excusable

18 neglect," courts apply the four factor test set forth in Pioneer

19 Inv. Servs. Co. v. Brunswick Assocs., 507 U.S. 380, 395 (1993) and

20 Briones v. Riviera Hotel & Casino, 116 F.3d 379, 381 (9th Cir.

21 1997): (1) the danger of prejudice to the opposing party; (2) the

22 length of the delay and its potential impact on the proceedings;

23 (3) the reason for the delay; and (4) whether the movant acted in

24 good faith.  Mendez v. Knowles, 556 F.3d 757, 765 (9th Cir. 2009).

25 In addition, when the circumstances of the case so warrant, courts

26 should consider, and give proper weight to, any prejudice to the

27 movant if she were denied relief. Lemoge v. United States, 587 F.3d

28 1188, 1195, 1198 (9th Cir. 2009).

1   The Court is persuaded that the balance of the <u>Pioneer</u>-<u>Briones</u>
2   factors weighs against granting Plaintiff's Rule 60(b)(1) motion.
3   Defendants assert they will be prejudiced if the Courts reopens the
4   case because of "fading memories of the witnesses and the increased
5   inaccessibility or unavailability of documents due to the lapse of
6   time." (Defs. Opp'n at 7.) Further, Defendants may no longer have
7   access to the necessary evidence from the healthcare professionals
8   who evaluated Plaintiff in 2004.

9   Moreover, Plaintiff has failed to explain why she did not file
10  a Rule 60(b) motion until more than a year after the filing
11  deadline for an opposition to the MSJ. Although Plaintiff has
12  stated she did not immediately know Defendants' MSJ had been
13  granted, she has not explained why she did not discuss the status
14  of her case with her attorney until months after the judgment was
15  entered. (Pl. Mot. at 4.) Furthermore, Plaintiff has stated that
16  her attorney told her sometime before April 2010 that the Court had
17  granted Defendants' MSJ and that a Rule 60(b) motion would be
18  necessary. Plaintiff does not explain why, after learning of her
19  attorney's negligence, she did not immediately attempt to file a
20  Rule 60(b) motion pro se.

21  While Plaintiff may have been acting in good faith, "keeping
22  this suit alive merely because the plaintiff should not be
23  penalized for the omission of [her] own attorney would be visiting
24  the sins of plaintiff's lawyer upon the [Defendants]." <u>Link v.</u>
25  <u>Wabash R. Co.</u>, 370 U.S. 626, 634 (1962). Moreover, any prejudice
26  to Plaintiff is outweighed by the prejudice to Defendants and by
27  Plaintiff's lack of explanation for her lengthy delay in bringing
28

her Rule 60(b)(1) motion.   Accordingly, Plaintiff's Rule 60(b)(1) motion must be denied.

**B.   Rule 60(b)(6)**

Plaintiff also contends that she is entitled to relief under Rule 60(b)(6). The Ninth Circuit has held a judgment dismissing a case for failure to prosecute under Rule 41(b) or a default judgment may be set aside under Rule 60(b)(6) if a party demonstrates "extraordinary circumstances which prevented or rendered him unable to prosecute [his case]." Lal v. California, No. 08-15645, slip op. 9303, 9315 (9th Cir. June 25, 2010); Tani, 282 F.3d at 1168-69. An attorney's gross negligence qualifies as an extraordinary circumstance, but an attorney's ordinary negligence does not.   Tani, 282 F.3d at 1170.

In both Lal and Tani, the Ninth Circuit deemed attorneys grossly negligent because they virtually abandoned their clients by failing to proceed with their clients' defense despite court orders directing them to do so. See Lal, No. 08-15645, slip op. at 9315; Tani, 282 F.3d at 1170. The attorney in Tani deliberately misled his client – informing him that the case was proceeding when in fact the Court had entered a default judgment against him. Tani, 282 F.3d at 1171. Similarly, the attorney in Lal continued to respond to his client's inquiries by saying that her case was proceeding well after the case had been dismissed. Lal, No. 08-15645, slip op. at 9315.

Here, Plaintiff's attorney was not grossly negligent. Unlike in Lal, where the plaintiff attempted to contact her attorney several times, Plaintiff made no attempt to inquire about her case

1  until nearly a year after the Court granted Defendants' MSJ.
2  Moreover, although Plaintiff did not know that her attorney's
3  opposition to Defendants' MSJ was substantively weak, her attorney
4  did not deliberately mislead her about the status of her case.
5  Plaintiff's attorney told her about the judgment and that she would
6  need to file a Rule 60(b) motion in a conversation prior to April
7  2010.  Thus, Plaintiff's attorney did not "virtually abandon" her,
8  and her request for relief under Rule 60(b)(6) must therefore be
9  DENIED.
10 **III. CONCLUSION**
11      For the reasons set forth above, Plaintiff's motion for relief
12 from judgment is DENIED.
13
14
15 IT IS SO ORDERED.
16
17
18 Dated:August 13, 2010
19                                    DEAN D. PREGERSON
                                      United States District Judge
20
21
22
23
24
25
26
27
28